UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| UNITED STATES OF AMERICA, | Case No. 23-cr-00043-VC |
|---|---|
| Plaintiff, | DETENTION ORDER |
| v. | |
| ANTHONY FARDELLA, | |
| Defendant. | |

On February 27, 2023, the court set conditions of release for defendant Anthony Fardella (charged with conspiracy to commit bank robbery), including reporting to Pretrial Services and showing up for his court appearances. He promised to abide by the conditions of his release. (*See* Hearing Recording.) He met with Pretrial Services that day, discussed treatment options, was instructed to report the next day, did not, and did not show up for court on March 6, 2023. The court issued a warrant, and pursuant to that warrant, he appeared in court on March 19, 2024. The court had a bail hearing on March 22, 2024.

At the March 22 hearing, Mr. Fardella's attorney proposed release to the residential-treatment program at New Bridge Foundation, a court-contracted facility. The court denied release on the ground that on the record it had, it could not set conditions under 18 U.S.C. § 3142(c) to assure the safety of the community (under the requisite clear-and-convincing standard) or to address the serious risk of flight (under the preponderance-of-the-evidence standard). The serious risk of fight is

ORDER – No. 23-cr-00044-VC

shown by the failure to appear, despite Mr. Fardella's remaining in the district, demonstrated by his contacts with his co-defendant Ashley Crowder after he absconded. Also, after he met with Pretrial Services, he absconded rather than engage in treatment. The charged case and his pre-release law-enforcement contacts involve danger to the community.

Mr. Fardella's drug addiction provides context for his conduct but does not excuse it. As discussed at the hearing, the court can provide treatment, but only if someone engages with the program (meaning, shows up for it, tries, and tells the truth about his addiction problems) and refrains from harm to others (meaning, not committing other crimes). Mr. Fardella's father attended the hearing: that shows family support. But ordering the condition of treatment requires a better record than absconding for a year after treatment was offered previously.

This detention decision is without prejudice revisiting it if changed circumstances warrant it. To that end, the court directed a post-hearing discussion with Pretrial Services about a New Bridge assessment.

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. 18 U.S.C. § 3142(i)(2). The defendant must be afforded a reasonable opportunity to consult privately with counsel. *See id*. § 3142(i)(3). On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshal for a court appearance. *Id*. § 3142(i)(4).

**IT IS SO ORDERED.**

Dated: March 23, 2024

LAUREL BEELER
United States Magistrate Judge