Matthew Dirkes (State Bar No. 255215)
matt@illovskygates.com
ILLOVSKY GATES & CALIA LLP
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

Attorney for Defendant
Anthony Fardella

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>ANTHONY FARDELLA,<br><br>    Defendant. | Case No. 23-cr-0044-VC-1<br><br>**DEFENDANT'S SENTENCING MEMORANDUM**<br><br>Court: Hon. Vince Chhabria<br>Date: September 4, 2024<br>Time: 1:00 PM |

Anthnony Fardella submits this sentencing memorandum for the Court's consideration for his upcoming sentencing. He has pleaded guilty to a single count of conspiracy to commit unarmed bank robbery. He agrees with the Probation Office's sentencing guidelines calculation, including that the guideline term of imprisonment is five years and that the offense carries a statutory maximum sentence of five years. Presentence Investigation Report (PSR), ECF No. 118, ¶ 85.

Now 41 years old, Mr. Fardella's life over the last three decades largely has been driven by serious drug addiction. That addiction, spawned by a heartbreaking childhood of abuse, neglect, poverty, and trauma, predictably led to various forms of antisocial behavior, sometimes criminal. As a result, Mr. Fardella has a long history with the California state criminal justice system. But this is his first federal case. Indicative of the nature of his criminal history, he's never before served a sentence of more than 11 months. Now, he faces prison time measured in years. After he serves that sentence and is released, he will be in his mid-40s and ready, finally, to embrace sobriety, reintegrate himself into the community and his 12-year-old daughter's life, and become a productive member of society.

He appreciates the Probation Office's recognition that a downward variance may be warranted by his traumatic childhood and the resulting decades of serious drug addiction. PSR ¶ 106. For the reasons set forth below, he asks the Court to consider a downward variance and impose a sentence of three years. Such a sentence would be sufficient and not greater than necessary given the nature and circumstances of his life, the offense conduct, and the other statutory sentencing factors.

I.   **HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

Mr. Fardella was born into drug addiction and dysfunction. PSR ¶ 65. He endured things from his parents and others that no child should have to. PSR ¶¶ 65-67;[1] Confidential Report by Dr.

---

[1] As described in stark detail in the PSR, his parents' behavior during his childhood, beginning when he was an infant and up through his teenage years, was appalling. PSR ¶¶ 65-68. Both parents, however, have endeavored to turn their lives around. His father has been sober and stable for years and owns and operates his own technology business. PSR ¶ 73. His mother is also in a much better place today although she still suffers from disabling psychiatric issues. PSR ¶ 69. Mr. Fardella therefore will not describe here the deeply troubling details of his childhood set forth in the PSR. *Id.* ¶¶ 65-68.

Coles, submitted under seal, at 3-4. His childhood of chaos, neglect, and abuse predictably led to experimentation with and then self-medication by alcohol, which he first tried as a six-year-old. PSR ¶ 77. By the time he was a freshman in high school, he was drinking a bottle of vodka each day and smoking marijuana "all day, every day." PSR ¶¶ 68, 77. When he was 13, his mother introduced him to methamphetamine. PSR ¶ 77. He quickly developed an addiction. Other than several periods of sobriety, including when his daughter was born, he's used methamphetamine daily ever since. PSR ¶ 77; Coles Report at 4, 5.

As Mr. Fardella recognizes, "his use of methamphetamine was significantly contributory" to his criminal behavior. Coles Report at 5. Nonetheless, with appropriate treatment, he's shown that he can stay clean and sober. *Id.* Unfortunately, the California state criminal justice system rarely has the resources to provide meaningful substance abuse treatment and supervision upon release from custody. Upon his release from federal custody, Mr. Fardella looks forward to maintaining his sobriety through residential drug treatment. *Id.*

While his drug addiction played a driving role in his criminal history, the abuse and trauma he suffered as a child almost certainly drove him into that addiction. He explains that when he started using methamphetamine as a 13-year-old, and dropped out of high school as a result, he was using drugs to "deal[] with all the physical and mental abuse." Coles Report at 4.

Mental health issues also contributed to his substance abuse. As noted in the PSR, his mother has suffered from severe mental health issues, especially when Mr. Fardella was younger. PSR ¶ 66. Mr. Fardella's younger brother suffers from similar issues. PSR ¶ 64. Given that family history and Mr. Fardella's traumatic childhood, there's little surprise that he too suffers from mental health issues, especially depression. Coles Report at 5, 11. As Mr. Fardella notes, he used methamphetamine as a way to try and cope with that depression. *Id.* at 5.

His drug use has made him unable to hold a job and left him homeless for long stretches of time. *Id.* at 4. He has never lived in the same place for more than two years and often has found shelter in "abandoned houses or cars." *Id.* When sober, however, he has proved resourceful. He taught himself to build websites when he was nine. Coles Report at 4. He tested out of high school

as a 15-year-old, passing the California High School Proficiency Exam despite having only one hour to complete the three-hour test because he was late arriving for it. PSR ¶ 79. He then began working full-time in web design for the Nob Hill Hotel, a position he held for about a year before he was derailed by addiction. Coles Report at 4; PSR ¶ 80. He also has worked sporadically as an auto mechanic, a trade he hopes to pursue through training programs the Bureau of Prisons offers at various facilities, including FCI Victorville. Coles Report at 4.

Besides his mental health and substance abuse issues, Mr. Fardella contracted a Methicillin-resistant Staphylococcus Aureus (MRSA) infection in his brain prior to his arrest for the underlying offense. PSR ¶ 74; Coles Report at 6. He did not seek treatment until the symptoms – prolonged fever, vision loss, headaches, partial facial paralysis, and skin lesions – became serious enough to require hospitalization and, ultimately, surgery. Coles Report at 6. He was hospitalized for several months and spent part of that time in the intensive care unit. *Id.* As Dr. Coles notes, the brain infection has led to "neurocognitive impairment," including memory problems and word-finding difficulties. *Id.* at 5-6, 11.

## II.   NATURE OF THE OFFENSE

Mr. Fardella pleaded guilty to one count of conspiracy to commit unarmed bank robbery, in violation of 18 U.S.C. § 371. ECF No. 112. Two co-conspirators entered a Bank of America branch and, after waiting in line, handed tellers two notes demanding money. One teller can be seen smiling as she received the note and passed it along to her supervisor. US-00400. When interviewed by police a short while after, she said she "didn't take it seriously." US-00105 at 10:37. According to the government, the coconspirators obtained $1,100. ECF No. 1 at 1.

Later that afternoon, the co-conspirators entered the East West Bank and did the same thing, this time obtaining $1,500. Mr. Fardella also entered the East West Bank but only spoke with a teller about cashing a check. PSR ¶ 11. As conveyed to Dr. Coles, Mr. Fardella clearly regrets allowing himself to be part of the bank robberies. Coles Report at 8.

The same evening of the robberies, San Francisco police saw a car they believed was used in the robberies stopped on Larkin and Golden Gate. The car, driven by Mr. Fardella, drove off and,

3                        DEFENDANT'S SENTENCING
                                         MEMORANDUM
                                         Case No.: 23-cr-0044-VC-1

according to police reports, reached speeds of up to 30 miles per hour (on streets posted with 25-mile-per-hour limits) in traffic conditions varying from none to heavy. PSR ¶ 14; US-000325-326. During the chase, Mr. Fardella drove through several red lights. PSR ¶ 14. Officers eventually used spike strips on Valencia Street the car ultimately stopped on Guerrero Street when Mr. Fardella veered onto the median to avoid hitting a police car. PSR ¶ 14. After the car came to a stop, Mr. Fardella exited the vehicle and lay on the ground, where he was handcuffed and arrested.

### III.   A SUFFICIENT AND FAIR SENTENCE

A sentence must be "not greater than necessary" to "provide just punishment," deter criminal behavior, and protect society. 18 U.S.C. § 3553(a).

As the Probation Office noted, a downward variance may be appropriate given the nature and circumstances of Mr. Fardella's life. The Court can consider Mr. Fardella's "unstable and traumatic upbringing, including . . . abuse; his untreated mental health [issues], which include hallucinations and paranoia, and his long-time drug addiction. PSR ¶ 106. Mr. Fardella also appreciates the government's recognition that the trauma he experienced as a child "provide[s] some context/mitigation, would be difficult for anyone to endure, and, would likely have some future effect on anyone who endured them." ECF No. 121 at 6.

A sentence of three years would provide just punishment in this case. Three years in prison will, without any doubt, punish Mr. Fardella. 18 U.S.C. § 3553(a)(2)(A). It would be more than twice as long as any sentence he previously has served and he will have to serve it at a BOP facility far removed from his family and community.

A three-year sentence also will deter future criminal conduct and protect the public from future crimes by him. 18 U.S.C. § 3553(a)(2)(B). A longer sentence would not increase specific deterrence. The Department of Justice itself has reached that same conclusion. The National Institute of Justice, the research, development and evaluation agency of the Department of Justice, concluded in 2016 that "the chance of being caught is a vastly more effective deterrent than even draconian punishment."[2]  "[P]rison sentences (particularly long sentences) are unlikely to deter

---

[2] https://nij.ojp.gov/topics/articles/five-things-about-deterrence (last visited August 28, 2024).

future crime."³  In fact, prison sentences may actually lead to increased future criminal behavior: "Persons who are incarcerated learn more effective crime strategies from each other, and time spent in prison may desensitize many to the threat of future imprisonment."⁴  A sentence longer than three years would not add any additional deterrence or reduce the risk of recidivism.  For the same reasons, a longer sentence would not better protect the public from future crimes by him. 18 U.S.C. § 3553(a)(2)(C).

In some respects, Mr. Fardella is lucky to be in federal custody.  It may provide the only off-ramp to the cycle of addiction and arrests he's experienced in the California state system over the last two decades.  He faces a significantly longer sentence than anything before, which will help him break free of prior habits and associations.  More importantly, he'll have the resources and structure of supervised release after his custodial sentence.  As Dr. Coles noted, Mr. Fardella "expressed a strong desire to remain sober." Coles Report at 5.  When Mr. Fardella is released from custody, "he would like to enter a long-term, residential drug treatment center in order to aid his efforts to remain sober." *Id.*

The report by Dr. Coles ultimately offers reasons to be hopeful about Mr. Fardella's future.  Dr. Coles describes Mr. Fardella as having a "high degree of internal resources who has been plagued with substance abuse issues from an early age . . . ." Coles Report at 11.  In addition, "he suffered cumulative childhood traumas" and a recent brain injury, all of which created a "constellation of factors" that "let to a life of poor decision making including criminal activity." *Id.*  But if Mr. Fardella can remain sober, Dr. Coles predicts good things.  Dr. Coles relates that Mr. Fardella "genuinely wants to pursue substance abuse treatment when he is released from custody . . . ." *Id.* at 12.  Even better, Dr. Coles concludes that Mr. Fardella's "history suggests that when he is able to remain sober, he becomes a fully functioning and productive member of society." *Id.*

The sentence requested herein will both punish Mr. Fardella and also help him reintegrate into the community, and the lives of his family members, without unnecessary delay.

---

³ *Id.*

⁴ *Id.*

## CONCLUSION

For all the reasons stated, Mr. Fardella respectfully recommends a sentence of three years.

Dated:  August 28, 2024                                ILLOVSKY GATES & CALIA LLP

                                                         /s/Matthew Dirkes
                                                        Matthew Dirkes

                                                        Attorney for Anthony Fardella